**Sean ALLEN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3249.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 7, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Sean Allen petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. *Allen v. Merit Sys. Prot. Bd.*, Docket No. PH–0752–01–0400–I–1, 91 M.S.P.R. 127 (Feb. 26, 2002). Because the Board correctly determined that Mr. Allen failed to show good cause to excuse his delay, we *affirm*.

## BACKGROUND

Mr. Allen was employed by the United States Postal Service ("Agency") as a City Letter Carrier in a facility located in Altoona, Pennsylvania. Effective May 22, 1992, Mr. Allen was removed from his position with the Agency on charges of improper application for, and receipt of,

sick leave benefits, falsification of government forms, and unacceptable conduct. The Agency informed Mr. Allen of the decision in a letter dated April 30, 1992. By that communication, Mr. Allen was also put on notice of his right to appeal to the Board within 20 calendar days from the effective date of his removal. At that time, Mr. Allen chose to challenge the removal decision through the grievance process, and his grievance was denied on September 16, 1993, after arbitration.

On April 11, 1995, at the close of a Social Security Administration ("SSA") proceeding, Mr. Allen was adjudged disabled from April 15, 1991, to October 4, 1993, due to paranoid personality disorder and dysthymia with anxiety, resulting from a physical impairment caused by a shoulder injury. In the same 1995 SSA proceeding, however, the administrative judge ("AJ") determined that Mr. Allen's impairments had medically improved and that he had not been under a disability at any time since October 4, 1993, when he resumed substantial gainful activity. As of that date, in fact, Mr. Allen was working as a vocational rehabilitation counselor—a career that he has successfully continued pursuing to this date.

On September 10, 2001, more than nine years after the effective removal date and the regulatory filing deadline for appeals, Mr. Allen petitioned the Board for review of the Agency's decision to remove him from employment effective May 22, 1992. In his petition for review, Mr. Allen claimed that mental illness prevented him from filing a timely appeal, and only after becoming lucid again, on August 24, 2001, was he able to understand and pursue his legal rights. The Board noticed the timeliness issue and ordered Mr. Allen to show good cause for the delay. Moreover, the Board provided Mr. Allen with additional information concerning the issue of good cause and the Board's requirements to es-

tablish that the untimely appeal was due to illness. Mr. Allen responded that he suffered from mental illness for eleven years and only after fully recovering, on August 24, 2001, was he able to understand and pursue his appeal rights. To support his position, Mr. Allen submitted evidence in the form of written evaluations from health care providers and other medical records.

The Board determined that Mr. Allen had failed to establish good cause for the delay due to illness, particularly with regards to the time period between October 1993 and September 2001, during which, as indicated above, Mr. Allen had resumed substantial gainful activity. Upon these findings, the Board dismissed the appeal as untimely filed. The Board's decision became final on February 26, 2002.

## DISCUSSION

We have jurisdiction to review a final Board's decision pursuant to 28 U.S.C. § 1295(a)(9) (2000). Our scope of review, however, is limited, and we must affirm a decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986).

The Board may waive the time limit for appealing an agency action if the petitioner demonstrates, by a preponderance of the evidence, that good cause existed for the delay. *See* 5 C.F.R. §§ 1201.12, 1201.22(c), 1201.56(a)(2)(ii) (1998). *See also Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 438 (Fed.Cir.1996). A decision to waive the regulatory time limit for an appeal based upon a showing of good cause is a matter committed to the Board's discretion and we will not substitute our own judgment for that of the Board. *Mendoza v. Merit*

*Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir. 1992) (en banc).

The Board will find good cause for an untimely filing where a party establishes that the delay was due to illness. *Lacy v. Dept. of the Navy*, 78 M.S.P.R. 434, 437 (1998). To show that an untimely filing was the result of an illness the appellant must (1) identify the time period during which he suffered from illness, (2) submit corroborating evidence showing that he suffered from the alleged illness during the time period, and (3) explain how his illness prevented him from timely filing an appeal or requesting an extension of time. *Id.*

In this case, the Board provided Mr. Allen with an opportunity to show good cause and with an appropriate explanation of the evidence needed to establish a medical excuse for untimely filing, as required by *Smith v. Merit Sys. Prot. Bd.*, 168 F.3d 1305, 1307 (Fed.Cir.1999).

The record shows that the Board, after careful consideration of all the evidence submitted by petitioner, determined that Mr. Allen properly identified the time period during which he was impaired by mental illness, and then assumed without deciding that he submitted corroborating evidence in support of his contentions. The Board concluded, however, that despite the medical records entered into evidence, for the most part conclusory in nature, Mr. Allen failed to explain specifically how his mental illness rendered him unable to file his appeal or to ask the Board for an extension, thereby failing to set forth an essential element of proof. *Lacy*, 78 M.S.P.R. at 437, *Burton v. Dept. of Veterans Affairs*, 83 M.S.P.R. 174, 178 (1999). This finding is supported by substantial evidence in the record.

Mr. Allen's contentions that the AJ made "the case for impairment by his own reference", or that he was "discriminatory and selective in his utilization of the evi-

dence" are without merit. As indicated above, the burden to show good cause is on the petitioner, and it is he, and not the AJ, who must establish by preponderant evidence each element required under the *Lacy* standard. Furthermore, what weight is to be accorded the evidence made of record is a matter that rests in the sole discretion of the AJ and it is virtually unreviewable. *Cf. Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 576, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), *Hambsch v. Dept. of Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986), *Griessenauer v. Dept. of the Energy,* 754 F.2d 361, 364 (Fed.Cir.1985).

This court discerns no error in the AJ's analysis of the evidence presented and conclusion that Mr. Allen failed to provide sufficient grounds to excuse his untimely filing. Accordingly, we hold that the Board did not abuse its discretion in dismissing Mr. Allen's appeal; therefore, the judgment of the Board is affirmed.

No costs.