**Alfred O. WALLACE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 83–1425.**

United States Court of Appeals, Federal Circuit.

March 2, 1984.

---

Robert L. Bertram, Jamestown, Ky., argued, for petitioner. With him on the brief was M. Gail Wilson, Jamestown, Ky.

Sharon Y. Eubanks, Washington, D.C., argued, for respondent. With her on the

brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, Asst. Director and Michael T. Paul, Washington, D.C.

Carolyn Lynch, Asst. Counsel, United States Army Corps of Engineers, Washington, D.C. of counsel.

Before DAVIS, SMITH and NIES, Circuit Judges.

NIES, Circuit Judge.

The decision of the Merit Systems Protection Board (board or MSPB) dismissing petitioner's appeal to the board on the grounds of untimeliness is reversed.[1]

The board held that petitioner failed to meet his burden of proof of showing that good cause existed *for a waiver* of time requirements in connection with the filing of his appeal to the board. We hold that the appeal was timely filed and that the board erred in treating the case as one necessitating a waiver. We therefore reverse and remand for a hearing on the merits.

*Background*

By letter of November 19, 1982, petitioner was informed he was to be removed from his position with the Army Corps of Engineers because of an incident involving his inflicting bodily injury upon a fellow employee. In the letter Mr. Wallace was advised that he had a right to appeal this action to the Merit Systems Protection Board within 20 days of the effective date of his removal, November 23, 1982, the due date thereby becoming December 13, 1982. The letter gave the address of the appropriate Merit Systems Protection Board to which the appeal should be directed as the Atlanta Field Office, 1340 Spring Street, Atlanta, Georgia 30309. An appeal was mailed to this office by petitioner's counsel on December 5, 1982, a fact established by the date stamp on the envelope. This correspondence was returned to the sender by the Postal authorities with the notation

1. In accordance with the decision of this court in *Tyler Hopkins, Jr. v. MSPB*, 725 F.2d 1368 (Fed.Cir.1984), the board rather than the Department of the Army is properly respondent.

"Return to Sender—Moved, Left no Address." Petitioner's counsel immediately informed the Corps of Engineers concerning the problem by letter which the agency received on December 15, 1982. A member of the staff provided the correct information to petitioner's counsel by telephone on December 15, 1982, after contacting the MSPB. By letter of December 16, 1982, the Corps advised petitioner's counsel as follows:

Upon receipt of your letter, we contacted the MSPB Regional Office in Atlanta and were advised that the change of address was published in the Federal Register (46 FR 42437, Aug. 21, 1981). When we explained that we were not aware of the change and had furnished you with the wrong address, we were instructed to tell you to resubmit the appeal with (1) a copy of the postmarked envelope from the original submission, (2) a copy of our 19 November 1982 letter furnishing you the old address, and (3) an explanation of what occurred.

On December 15, 1982, counsel mailed the appeal to the correct address together with a covering letter complying with the above instructions. Upon receipt of this appeal the board issued a five-page order detailing its procedures. The order of the board appears to have been a standard form, not directed to any particular case. It stated that the appeal appeared to be filed more than 20 days after the effective date of the action. It also stated that the appellant was allowed 15 days to show good cause for a waiver of the time limit and the agency was given time to show prejudice from granting the waiver. Both parties responded to other parts of the order, but neither addressed the issue of timeliness. Specifically, the agency did not seek dismissal of the appeal on this ground.

*Sua sponte,*[2] the presiding official held that petitioner's appeal was untimely, and petitioner having failed to comply with the

rules or to seek a waiver, the appeal was dismissed.

## Analysis

### I

■ Under the regulations of the MSPB, an appeal is deemed filed upon mailing. 5 C.F.R. § 1201.22(b). Further, the agency is required to provide the address of the MSPB office to which an appeal may appropriately be taken. 5 C.F.R. § 1201.21(a). It is immaterial whether we place the blame for the failure of the MSPB to receive the appeal on the agency for providing an out of date address, on the MSPB if it failed to give a forwarding address, or on the Post Office for failure to forward MSPB mail. What is significant is that petitioner is *not* at fault.

Petitioner's appeal was perfected upon mailing on December 5, 1982, to the address provided by the agency. Petitioner was not required to seek a waiver of time limits but to prove that the appeal had been mailed to the MSPB in accordance with the agency instructions. That fact was established by uncontroverted and uncontrovertible proof at the time of the resubmission. The requirement that petitioner seek, in addition, a waiver for untimeliness was error.

### II

■ The Government seeks dismissal of the appeal on the ground that this court has no jurisdiction over the matter. Because petitioner raised an issue of discrimination in the appeal to the MSPB, the argument is made that under the precedent of *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983), this court is without jurisdiction. In *Williams,* this court held that it had no jurisdiction over an MSPB decision involving issues directed to the merits of an adverse action and to alleged discrimination within the scope of 5 U.S.C. § 7703(b)(2). Subsequently, this court has held that it has jurisdiction where the issue of such discrim-

---

**2.** Since the time for filing an appeal to the MSPB is fixed only by regulation which provides for waiver, timeliness is not appropriately viewed as a matter of jurisdiction, and we

question the apparent practice of the board in raising the issue *sua sponte.* The failure of the agency to raise the issue may be intentional, as it apparently was in this case.

ination is eliminated from the case. *Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed.Cir.1983). Thus, we do not agree with the Government's view that the mere pleading of discrimination totally precludes the exercise of jurisdiction by this court. *Accord, Tyler Hopkins, Jr. v. Merit Systems Protection Board,* slip op. at n. 1. As in the *Tyler Hopkins* case, which sought review of the MSPB's dismissal for untimeliness of an attorney fee request, the Government misses the nature of the petition here. The sole issue is the correctness of the MSPB decision holding the appeal to the board was untimely, which in no way involves the merits. An appeal on this threshold issue is not excluded by 5 U.S.C. § 7703(b) and the holding in *Williams.*

REVERSED AND REMANDED.