Mathew B. TULLY, Petitioner,

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 02–3396.

United States Court of Appeals,
Federal Circuit.

March 5, 2003.

Before LOURIE, SCHALL, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Matthew B. Tully appeals the order of the Merit Systems Protection Board ("Board") that rendered final the January 24, 2001 initial decision of the administrative judge ("AJ") that granted Mr. Tully's request for corrective action. *Tully v. Dep't of Justice,* No. NY–3443–00–0402–I–1, 2002 WL 1832916 (Merit Sys. Prot. Bd. Aug. 2, 2002). We *affirm.*

## DISCUSSION

### I.

During the spring of 2000, while he was employed by the Bureau of Prisons of the Department of Justice ("agency") as a Correctional Officer at the Metropolitan Correctional Center ("MCC") in New York, Mr. Tully filed various appeals with the Board's New York Field Office under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, 1994 U.S.C.C.A.N., 108 Stat. 3149 (codified at 38 U.S.C. §§ 4301–33) ("USERRA"). One of the purposes of USERRA is to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3); *see Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed.Cir.1998). In his appeals, Mr. Tully alleged that the agency had discriminated against him by reason of his military service.

In July of 2000, Mr. Tully and the agency entered into an agreement settling the appeals. Under the agreement, the agency gave Mr. Tully ninety days of administrative leave beginning on July 10, 2000, and Mr. Tully agreed to resign from his position effective November 10, 2000. The agreement was made part of the Board's record for enforcement purposes, and the appeals were dismissed as settled. Neither party petitioned the Board for review.

On August 29, 2000, while he was on administrative leave, Mr. Tully applied for various Correctional Officer positions at the agency's Metropolitan Detention Center ("MDC") in Brooklyn, New York. The agency filed a petition to enforce the settlement agreement to bar Mr. Tully from applying for, or accepting, a position at the Bureau of Prisons. A month later on September 26, 2000, Mr. Tully filed an appeal with the Board, alleging that the agency was retaliating against him for his past USERRA appeals by not processing his MDC application. The AJ denied the agency's petition and, following a hearing, found, on January 24, 2001, that Mr. Tully had established by a preponderance of the evidence that his USERRA filings were a motivating factor in the agency's failure to

process the applications that he filed on August 29, 2000. The AJ also found that the agency did not prove that it would not have processed the applications if Mr. Tully had not filed the appeals. *Tully v. Dep't of Justice,* No. NY–3443–00–0402–I–1 (Merit Sys. Prot. Bd. Jan. 24, 2001). The AJ ordered corrective action as follows:

> The agency is hereby ORDERED to review the appellant's August 29, 2000 applications for Correctional Officer positions at MDC ... and to inform him whether he has been selected for such a position. This action must be taken within twenty (20) calendar days after the initial decision becomes final.

*Id.*

Even though the AJ ordered corrective action, Mr. Tully petitioned the Board for review, while the agency cross-petitioned for review. At the time of the petitions for review, the Board only had two members. Because the two Board members were unable to agree on the disposition of the agency's cross-petition, the AJ's initial decision became the final decision of the Board pursuant to 5 C.F.R. § 1200.3(b). Accordingly, on August 2, 2002, the Board issued an order, as follows, directing the agency to take the corrective action ordered by the AJ in her initial decision:

> We ORDER the agency to review the appellant's August 29, 2000 applications for Correctional Officer positions at the Metropolitan Correctional Center ... and to inform him whether he has been selected for such a position.... The agency must complete this action no later than 20 days after the date of this decision.

*Tully v. Dep't of Justice,* No. NY–3443–00–0402–I–1 (Merit Sys. Prot. Bd. Aug. 2, 2002). It is from that order that Mr. Tully appeals.

II.

The Board had jurisdiction over Mr. Tully's appeal pursuant to 38 U.S.C. § 4324. That statute provides that, in circumstances applicable here, a person asserting a USERRA claim "may submit a complaint against a Federal executive agency ... directly to the Merit Systems Protection Board...." 38 U.S.C. § 4324(b). The statute further provides that "[a] person adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board ... may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision." 38 U.S.C. § 4324(d)(1).

On appeal, Mr. Tully seeks the following relief:

> [T]he petitioner prays that this Court will award him an equitable order requiring the employing agency to reinstate him to the position of Correctional Officer effective November 10, 2000 with all rights and benefits that position affords him. In addition, the petitioner prays that this Court will award him compensation for lost wages and benefits that he has suffered as a result of not being hired on November 10, 2000.

We hold that Mr. Tully is not entitled to the relief he seeks. In his appeal to the Board, Mr. Tully charged the agency with retaliating against him by not processing his August 29, 2000 applications for Correctional Officer positions at MDC. The Board agreed with Mr. Tully and granted corrective action, directing the agency to process his applications. That is the relief to which Mr. Tully is entitled. He is not entitled to an award of employment and back pay. Mr. Tully should allow the agency to process any pending applications as the Board ordered and make a decision with regard to his employment. At this time, his appeal is premature.

**504**

For the foregoing reasons, the Board's August 2, 2002 order is affirmed.