**Gillian L. FRANKLIN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 02–3120.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 24, 2003.

Before MICHEL, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Gillian L. Franklin ("Franklin") petitions for review of the final order of the Merit Systems Protection Board ("Board"), No. DA–0752–98–0173–B–1, 2000 WL 1458798, dismissing Franklin's appeal of her removal from the United States Postal Service. Franklin first appealed her removal in 1998, but settlement negotiations led to the dismissal of her appeal by an administrative judge on May 8, 1998. Franklin then filed a petition for review with the Board seeking to have the settlement invalidated because her attorney allegedly did not have the requisite authority to enter into the settlement and the settlement was involuntary. The Board granted the petition, vacated the dismissal, and remanded the case to allow Franklin an opportunity

to rebut the presumption of her then-former attorney's authority to settle the appeal. During the course of the remand, Franklin executed another settlement agreement and her appeal was again dismissed by the administrative judge. Franklin petitioned the Board for review of this dismissal, arguing that the settlement was involuntary and coerced. The Board denied the petition. Franklin now petitions us for review, arguing that she executed the settlement agreement under duress and that the settlement is invalid. We *affirm* the dismissal.

I

This court is vested with jurisdiction to review a final order or decision of the Board by 5 U.S.C. § 7703(b)(1). The Board issued its final order in this case on August 31, 2000, and Franklin had 60 days from the date she received notice of the order to file a request for review with this court. Franklin did not do so. Instead, she filed a complaint in the United States District Court for the Eastern District of Arkansas on November 6, 2000, and an amended and substituted complaint on May 3, 2001. This complaint alleged that Franklin was unlawfully terminated from her position with the Postal Service because of her race. The complaint further alleged that "[a]lthough the plaintiff entered into a settlement of her case with the United States Postal Service, said settlement was not entered into voluntarily and was entered into under duress." The district court dismissed Franklin's complaint for lack of subject matter jurisdiction and transferred it to this court under 28 U.S.C. § 1631.

Franklin's amended and substituted complaint seeks affirmative relief under 42 U.S.C. §§ 1981 and 1983, as well as the Fourteenth Amendment, for unlawful termination of her employment. While the complaint states that Franklin "filed an appeal of her termination with the United States Merit Systems Protection Board" and that the Board denied plaintiff's petition for review "requesting that the settlement be set aside," Franklin's complaint does not explicitly seek the district court's review of the Board's final decision. Rather, Franklin has filed an original action for damages and reinstatement based on discrimination. In response to a motion to dismiss, however, Franklin argued that her complaint was properly filed in district court as a "mixed" case according to the *Guide for Pro Se Petitioners Filing Petitions for Review Of Merit Systems Protection Board Decisions.* Franklin likewise argues on appeal that her complaint was an attempt to appeal from the Board's final decision in a mixed case.

■ This court does not have jurisdiction to review the merits of a mixed case. *Williams v. Dep't of the Army,* 715 F.2d 1485 (Fed.Cir.1983) (en banc); 5 U.S.C. § 7703(b)(2) (2000). However, the pleading of discrimination does not necessarily preclude the exercise of jurisdiction by this court for limited purposes. *See Wallace v. Merit Sys. Prot. Bd.,* 728 F.2d 1456, 1458–59 (Fed.Cir.1984). This court has jurisdiction to consider, for example, whether the Board properly dismissed an appeal as being untimely, regardless of whether the appeal is mixed. *Id.* And, this court has jurisdiction over an appeal where the issue of discrimination has been eliminated from the case. *Meehan v. United States Postal Serv.,* 718 F.2d 1069, 1073–74 (Fed.Cir. 1983).

■ In this case, we have jurisdiction to review the Board's dismissal of Franklin's appeal because the controlling issue is a threshold one that, much like the issue of timeliness, does not depend on the merits of an underlying discrimination claim. The propriety of the Board's dismissal turns instead on whether Franklin entered into a valid settlement agreement with the Postal Service. In addition, the govern-

ment does not contest our jurisdiction to consider Franklin's petition for review of the Board's dismissal of her appeal. We therefore conclude that we have jurisdiction to consider Franklin's complaint to the extent it seeks review of the Board's decision.

## II

■ Franklin's appeal of her removal from the Postal Service was dismissed (for the second time) on December 13, 1999. The administrative judge dismissing the appeal stated that she had "reviewed a facsimile copy of a the [sic] parties' settlement, fully executed" and had "reviewed the terms of this agreement and [found] it lawful on its face and entered into freely by both parties." *Franklin v. United States Postal Serv.,* No. DA–0752–98–0173–B–1, slip op. at 2 (M.S.P.B. Dec.13, 1999). Franklin petitioned the Board for review of the dismissal, and the Board denied the petition. Franklin now seeks reversal of the Board's decision and invalidation of the settlement agreement. According to Franklin, she did not voluntarily enter into the second settlement agreement and she was coerced into signing and agreeing to the terms of the settlement.

In reviewing the dismissal of Franklin's appeal, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000). As we understand the issue framed by Franklin's appeal, we must determine whether there is substantial evidence supporting the administrative judge's determination that the settlement agreement was "lawful on its

face and entered into freely by both parties." Certainly there is such substantial evidence, including Franklin's signature on the settlement agreement, which was also signed by Franklin's husband and her attorney who were both present during settlement discussions. On appeal, Franklin does not deny that the signature on the agreement is hers and she admits that at a hearing before the administrative judge she twice agreed that she accepted the terms of the settlement agreement.

Franklin nevertheless argues that the administrative judge, "off the record," threatened, misled and intimidated Franklin and her husband into signing the settlement by stating that it was not possible for Franklin to receive compensatory damages in a case like this, and that if she did not sign the settlement agreement, she would lose out on her retirement. We rejected similar allegations of coercion in *Tiburzi v. Department of Justice,* 269 F.3d 1346, 1355 (Fed.Cir.2001). In *Tiburzi,* the petitioner argued that "his counsel and the administrative judge made certain statements to him off the record during the hearing to coerce his acceptance of the oral agreement." *Id.* We ruled that even if those statements were made, they would not be sufficient to invalidate the settlement agreement. Quoting *Asberry v. United States Postal Service,* 692 F.2d 1378, 1380 (Fed.Cir.1982), we stated that " '[t]hose who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden of proof that the agreement was improperly obtained.' " *Tiburzi,* 269 F.3d at 1355. To carry this heavy burden, Franklin must "present evidence that [s]he involuntarily accepted the terms of another, that the circumstances permitted no other alternative, and that the circumstances resulted from the administrative judge's coercive acts." *Lee v. United States Postal Serv.,* 48 M.S.P.R. 274, 280 (1991). The Board in *Lee* reject-

ed a claim of coercion because Lee, like Franklin: answered affirmatively when asked whether he accepted and understood the terms of the agreement; failed to raise any concerns about coercion until he filed a petition for review; and did not point to any evidence in the record or submit an affidavit or any other evidence to support his unsworn statements concerning the administrative judge's actions. *Id.* We therefore conclude that Franklin has failed to carry the heavy burden of presenting evidence that would establish the possibility that she was coerced into signing the settlement agreement.

## CONCLUSION

Because we find that substantial evidence supports a finding that Franklin freely entered into a settlement agreement with the United States Postal Service, the dismissal of Franklin's appeal is affirmed.