NOTE:  Pursuant to Fed Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3213

MICHAEL P. ELLIOTTE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November 9, 2004

_____

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Michael P. Elliotte appeals the final decision of the Merit Systems Protection Board (Board), dismissing his appeal as untimely filed.  Elliotte v. Dep't of Veterans Affairs, No. DC-0752-01-0292-I-2 (MSPB Feb. 11, 2004).  Because the Board's decision is supported by substantial evidence, this court affirms.

## BACKGROUND

Mr. Elliotte is a former employee of the Department of Veterans Affairs (DVA).  The DVA terminated Mr. Elliotte's employment on December 22, 2000, in light of charges of absence without leave and failing to appropriately secure hospital cleaning supplies and equipment.  Mr. Elliotte timely filed an appeal on January 22, 2001 to the Board's Regional Office (RO).  Prior to the April 18, 2001 hearing, Mr. Elliotte requested

a postponement, claiming that he was mentally or physically unable to adequately participate.  The RO granted Mr Elliotte's request for a postponement but also ordered him to provide medical evidence of his condition and a statement of when he could proceed with his claim.

On April 18, 2001, Mr. Elliotte left a voice mail message at the RO stating that he was an in-patient at a VA hospital in Washington, D.C.  Based on this information, the RO issued a second order on April 23, 2001, proposing to dismiss Mr. Elliotte's appeal without prejudice.  Mr. Elliotte did not respond to the RO's April 23, 2001 order.  Accordingly, the RO issued an order on May 1, 2001, dismissing Mr. Elliotte's appeal without prejudice, while providing Mr. Elliotte thirty days to re-file his appeal.

Nearly nineteen months later, on December 21, 2002, Mr. Elliotte sent a letter to the RO, inquiring about the status of his case.  The RO treated the letter as an attempt to re-file his appeal, and again ordered Mr. Elliotte to provide evidence and argument to show good cause for his delay.  Mr. Elliotte again failed to respond in any way.  The RO thus issued its February 27, 2003 initial decision, denying Mr. Elliotte's re-filed appeal as untimely filed.  On April 3, 2003, Mr. Elliotte filed a petition for review to the Board.  In his petition, Mr. Elliotte reiterated his arguments relating to the substantive charges leading to his dismissal.  The Board issued a final order on February 11, 2004, denying Mr. Elliotte's petition.  Mr. Elliotte timely appealed to this court.

## DISCUSSION

By statute, this court's review of a final decision from the Board is limited.  A Board decision may not be set aside unless it is:  (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law;  (2) obtained without procedure

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

Mr. Elliotte's consistent failure to timely respond to the RO's requests left the Board no alternative other than to dismiss his appeal. Once Mr. Elliotte failed to timely respond to the RO, timeliness became the sole issue that required resolution prior to reaching the merits of his case. See Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984).

Regulation requires that when an appeal is untimely filed, the RO will dismiss the appeal unless the appellant demonstrates good cause for the delay. 5 C.F.R. §§ 1201.22(c)-(d). This court has recognized several factors that the Board may consider in determining what constitutes good cause, including:

> [T]he length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994).

In this case, Mr. Elliotte missed several deadlines, the most egregious of which was the almost nineteen months between the May 31, 2001 deadline to file and Mr. Elliotte's December 21, 2002 letter. In his petition for review, although Mr. Elliotte referred to a doctor's letter, which he did not produce, he did not present any evidence to show good cause for his delays. Instead, Mr. Elliotte argued that he never received the May 1, 2001 initial decision, and that he believed he had two years to respond. Even assuming that Mr. Elliotte did not receive the May 1, 2001 initial decision, he

neither complied with the original order to explain his initial delay, nor did he explain any of the subsequent delays. In short, Mr. Elliotte has presented no evidence of good cause for the Board's consideration. Substantial evidence therefore supports the decision of the Board to dismiss Mr. Elliotte's appeal as untimely filed without good cause being shown. Accordingly, the Board's final decision is affirmed.