NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3097

DWAINE PRICE, SR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 6, 2005

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

RADER, Circuit Judge.

On June 4, 1982, the Merit System Protection Board (Board) issued an initial decision affirming the agency's decision to remove Dwaine Price, Sr., for assaulting his supervisor.  Price v. U.S. Postal Serv., No. SF-0752-82-10497, slip op. at 7 (MSPB June 4, 1982) (Initial Decision).  Mr. Price now seeks review of the order of the Board dismissing his petition for review as untimely because it was filed more than twenty-one years after the Board's initial decision.  Price v. U.S. Postal Serv., No. SF-0752-82-0497-I-1, slip op. at 5 (MSPB Nov. 24, 2004) (Board Dismissal).  Because the Board did not abuse its discretion in dismissing Mr. Price's petition for review as untimely, this court affirms.

Mr. Price was removed from his Full-time Carrier position with the United States Postal Service (agency) on January 13, 1982, for allegedly assaulting his supervisor. Mr. Price petitioned the Board for reinstatement with back pay, but on June 4, 1982, the Board denied his petition and affirmed the agency's decision to remove him. Initial Decision at 7. The Board's decision explained that the Initial Decision would become final on July 9, 1982, unless a petition for review was filed before that date. Id. at 8.

Mr. Price took no action until he petitioned the Board to reopen his case on February 8, 2004.

The question presented to this court does not concern the merits of Mr. Price's petition, but whether the Board appropriately denied Mr. Price's petition for review as untimely. See Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984) ("The sole issue is the correctness of the MSPB decision holding the appeal to the board was untimely, which in no way involves the merits."). The Board's regulations at the time of the initial decision allowed Mr. Price thirty-five days in which to file a petition for review of the Initial Decision. 5 C.F.R. § 1201.114(b) (1982). The Board may waive the time limit upon a showing of good cause for untimely filing. 5 C.F.R. § 1201.113(d) (1982); 5 C.F.R. §§ 1201.113(d) and 1201.114(f) (2004); see also 5 U.S.C. § 7701(e) (1). However, "[t]he burden is on the petitioner to demonstrate excusable delay." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The scope of review in an appeal to this court from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by

substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board has broad discretion regarding whether to reopen an appeal and "a party has a 'heavy burden' in attempting to demonstrate that the full Board erred." Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1378 (Fed. Cir. 2003) (citations omitted).

On appeal, Mr. Price alleges that his petition was untimely because no record of the Initial Decision existed until 2004. Mr. Price further argues that he was not informed that his petition to the Board had to be filed within thirty-five days from the date of the Initial Decision. However, Mr. Price has offered no evidence to substantiate his claim that no record of the Initial Decision existed until 2004. Moreover, the Initial Decision clearly informed Mr. Price that his petition to the Board was due on July 9, 1982. Id. at 8. Consequently, the Board's findings that Mr. Price's claims were "not clear," were "inherently incredible," and were only "speculation" are supported by substantial evidence. Board Dismissal at 3-4. Finally, even if the facts—as alleged by Mr. Price—are true, Mr. Price has offered no evidence to show that he demonstrated due diligence or ordinary prudence during the twenty-one year delay. See Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180, 184 (1980) (requiring due diligence or ordinary prudence to show excusable neglect). Consequently, Mr. Price has not shown good cause for his delay in filing his petition for review.

Because Mr. Price has not shown good cause for his delay in filing his petition for review, the Board did not abuse its discretion in dismissing Mr. Price's petition for review as untimely and this court affirms.

05-3097                                                3