NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3337

CHARLES D. GRIFFIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 18, 2006

_____

Before RADER, SCHALL, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (the Board) dismissed Charles D. Griffin's petition for review (Petition) of an initial decision as untimely filed.  Because the Board did not consider the actual filing delay when it determined that Mr. Griffin failed to establish good cause for his delay, this court vacates the Board's dismissal.

BACKGROUND

The Department of Defense removed Mr. Griffin from his position as a Financial Clerk.  He filed a timely appeal challenging his removal with the Board's Atlanta Regional Office.  After conducting a hearing, the Board affirmed the Department's removal decision on September 14, 2004.  Griffin v. Dept. of Defense, No. AT-0752-04-

0574-I-1 (MSPB Sept. 14, 2004) (Initial Decision). That Initial Decision concluded with

the following "NOTICE TO APPELLANT":

> This initial decision will become final on <u>October 19, 2004</u>, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.

Initial Decision, slip op. at 16. Mr. Griffin filed his Petition challenging that decision on

November 19, 2004. In response to his Petition, the Board issued a Notice to Mr. Griffin

stating:

> Your petition is untimely filed because it was not postmarked or received in this office on or before <u>October 19, 2004</u>. The Board's regulations (C.F.R. 1201.114(f)) require that an untimely petition for review must be accompanied by a motion for waiver of the time limit.

Respondent's Informal Brief, RA-36 (the Notice). The Notice further explained that Mr.

Griffin's Petition would be dismissed absent a showing of "good cause for [his] late

filing." <u>Id.</u> Mr. Griffin timely responded to that Notice, stating:

> I thought November 19, 2004 was the deadline to have my petition postmarked . . . .
>
> Unfortunately, I failed to realize that because of our recovery from Hurricane Ivan, U.S. Postal Service operations have been greatly altered. I have been informed that most phases of their operation are still in extreme backlog/catch-up phase.

<u>Id.</u> at RA 32 (Response).

The Board found Mr. Griffin's Response unpersuasive and dismissed his Petition

because "a general claim of a natural disaster does not demonstrate good cause to

excuse an untimely filed [petition for review]," and because "his miscalculation of the

number of days in which to file a [petition for review] also does not constitute good cause for the filing delay." Griffin v. Dept. of Defense, No. AT-0752-04-0574-I-1 slip op. at 3 (MSPB July 22, 2005) (Dismissal Order). Mr. Griffin timely appeals from that dismissal.

DISCUSSION

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). On appeal, this court examines whether the Board appropriately denied Mr. Griffin's petition as untimely. See Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984) ("The sole issue is the correctness of the MSPB decision holding the appeal to the board was untimely, which in no way involves the merits.").

While appearing to present a straightforward timeline coupled with well-established filing deadlines, this appeal also evinces an apparent communication failure between the parties. The Board begins its analysis with the assumption that Mr. Griffin's petition was due by October 19, 2004. The Board then focuses its inquiry on Mr. Griffin's showing of good cause for a one-month delay in filing his Petition. The Board dismisses as insufficient Mr. Griffin's statements that he thought the filing deadline was November 19, 2004, and that Hurricane Ivan affected the United States Postal Service. See Dismissal Order, slip op. at 3.

05-3337                                      3

Mr. Griffin's Response, although not perfectly clear, suggests that he believes his Petition was timely filed. He attached to his Response evidence of the November 19, 2004 filing date of his Petition. See Respondent's Informal Brief at RA 34 (suggesting that he continued to believe that the November 19, 2004 date was critical). This court finds some reason to credit Mr. Griffin's position.

Contrary to repeated statements by the Board, October 19, 2004 was not necessarily the deadline for Mr. Griffin's Petition. 5 U.S.C. § 7701(e)(1)(A) is the statutory basis for the filing deadline in this case. That section explains that a Board decision will become final unless:

> a party to the appeal or the Director petitions the Board for review within 30 days after the receipt of the decision.

5 U.S.C. § 7701(e)(1)(A) (2000). In its implementation of the statutory time period, the Board assumes that a decision will generally reach its destination within five days of issuance, and requires a petitioner to establish any delay beyond that five day period. Thus, the Board's rule states:

> Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.

5 C.F.R. § 1201.114(d) (2005) (emphasis added). The Board's rule differs from the statutory time period. The statute requires any petition for review to be filed within thirty days of receipt of the decision; the implementing regulation adds a requirement that the petitioner establish any delay in receipt of the decision that exceeds five days.

Unfortunately, when the Board instructed Mr. Griffin about his appeal rights, the time period the Board set forth was not consistent with either the statute or the rule.

The Board's Initial Decision explained to Mr. Griffin: "if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision." Initial Decision, slip op. at 16. That instruction informs a petitioner that any filing within thirty days of receipt of the decision is timely. In other words, the appeal instructions provided in the Initial Decision do not explain that a petition for review filed more than thirty-five days after the date of the Initial Decision must include a showing regarding the date of receipt of the Initial Decision, a requirement of 5 C.F.R. § 1201.114(d). Thus, while the instructions in the Initial Decision may have been "straightforward," as characterized by the Board, Dismissal Order, slip op. at 3, they were not complete. To the extent the Board relied on language in the Initial Decision that purportedly put Mr. Griffin on notice of the particular timing requirements for filing his Petition, it erred because that language was not complete. See Waldau v. Merit Sys. Prot. Bd., 19 F.3d 1395, 1403 (Fed. Cir. 1994) ("[T]he government must unambiguously and clearly give notice of that which it requires of a litigant") (citing Burgess v. Merit Sys. Prot. Bd., 758 F.2d 641, 643-44 (Fed. Cir. 1985).

These shortcomings of the Board's language in its Initial Decision are not necessarily the cause of Mr. Griffin's apparently late filing, though it is doubtful that a thirty-day period can be clearly explained by reference to five, thirty, and thirty-five-day periods. Nonetheless the Board's incomplete explanation deprived Mr. Griffin of the opportunity to explain a critical fact, namely, the date he received the Initial Decision.

Because Mr. Griffin did not include that information, the Board and Mr. Griffin do not address the critical issues about the timeliness of his filing.

From the point of view of the petitioner in this situation, he may think he has complied with the instructions in the Initial Decision. Thus, the petitioner expressed confusion when the Board responded with a demand for an explanation for his late filing. From that viewpoint, Mr. Griffin's response, i.e. providing proof of his November 19, 2004 filing and a statement regarding weather-related postal delays, makes sense. But from the vantage point of the Board, waiting for an explanation of a one-month delay, such a response is logically insufficient.

This appeal actually presents three critical time periods: (1) the period between September 14, 2004, i.e. when the Initial Decision was issued, and the date on which Mr. Griffin received that decision; (2) the thirty-day period following receipt of the Initial decision, i.e., the statutory period for filing a petition for review; and (3) the delay period extending beyond the close of the period for filing a petition for review, i.e., the period for which Mr. Griffin must show good cause for delay. Because the Board did not consider Hurricane Ivan's effect on mail delivery and its potential to have delayed receipt of the Initial Decision beyond the assumed five days provided by the Board's rule, it erred in its calculation of the delay period for which Mr. Griffin was required to show good cause. In a submission to this court dated December 19, 2005, Mr. Griffin asserts that he did not receive the Initial Decision until "approximately October 14, 2004." He also asserts that Hurricane Ivan struck the Pensacola region on September 16, 2004, two days after the Initial Decision was issued. Mr. Griffin apparently did not mention those two specific dates earlier. Moreover the record does

not show that the Board ever suggested the relevance of those dates. In other words, the Board did not inform Mr. Griffin that he needed to establish that he received the Initial Decision more than five days after it was issued. Therefore, Mr. Griffin did not present the relevant information sooner.

As the Board indicated in its Dismissal Order, one factor relevant to the waiver of a filing deadline is "the length of delay." Dismissal Order, slip op. at 2; see also Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). The Board incorporated the length of delay into its decision: "the appellant has not stated with any specificity how Hurricane Ivan caused him to file his petition 1-month late." These statements disclose the errors in communication and analysis of the time periods. Mr. Griffin's argument seems to be that Hurricane Ivan caused a delay in his receiving the Initial Decision. To the extent that Mr. Griffin is correct, his filing delay was less than one month. In fact, if his October 14th date is accurate, the delay was five days.

This court declines to make any factual determinations, but hopes this explanation permits a proper analysis on remand. When the Board properly ascertains the date of receipt of the Initial Decision, then its later reasoning will not be infected with improper assumptions about the length or nature of any delays.

Because the Board erred in considering whether there was good cause for Mr. Griffin's delay without first determining the length of that delay, this court vacates the Board's dismissal of Mr. Griffin's Petition. On remand the Board may give Mr. Griffin an additional opportunity to make a showing regarding: (1) the date of his receipt of the Initial Decision; and (2) his reasons for delay in filing his Petition more than thirty days after his receipt of the Initial Decision.