NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3309

MATTHEW B. TULLY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 15, 2006

_____

Before RADER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The Merit Systems Protection Board (the Board) dismissed Mathew B. Tully's refiled petition for enforcement (Petition) as untimely filed.  <u>Tully v. Dep't of Justice</u>, No. NY-3443-00-0402-C-2 (M.S.P.B. Sept. 30, 2004) (<u>Initial Decision</u>), petition for review denied, <u>id.</u> (M.S.P.B. June 21, 2005).  Because the Board did not err when it determined that Mr. Tully did not show good cause for his delay, this court <u>affirms</u>.

I.

Mr. Tully has pursued various legal proceedings in his attempt to secure a Correctional Officer position at the Department of Justice's Metropolitan Detention Center (MDC) in Brooklyn, New York.  In the process, Mr. Tully

received a favorable decision from the Board. Specifically, the Board ordered the agency to review Mr. Tully's applications for Correctional Officer positions at the MDC, and to inform him whether he would be selected for one of those positions. Tully v. Dep't of Justice, No. NY-3443-00-0402-I-1 (M.S.P.B. Aug. 2, 2002). Not satisfied with the Board's order, Mr. Tully did two things: (1) he filed a petition with the Board seeking enforcement of its order; and (2) he filed, with this court, a petition for review of the Board's order. See Initial Decision, slip op. at 2.

Considering the petition for review, and due to concerns of judicial efficiency and economy, the Board dismissed the enforcement petition without prejudice. See Tully v. Dep't of Justice, NY-3443-00-0402-C-1 (M.S.P.B. Dec. 10, 2002) (Dismissal Decision). In the Dismissal Decision, the Board specified a time for refiling: "If the appellant elects to refile his petition for enforcement, he must do so within thirty (30) calendar days after he receives a final order from the Court of Appeals or on Thursday, May 1, 2003 whichever is earlier." Id., slip op. at 3. On March 5, 2003, this court issued its decision on Mr. Tully's petition for review. Tully v. Dep't of Justice, 58 Fed. Appx. 501 (Fed. Cir. 2003) (affirming the Board's August 2, 2002 order). Thus, the deadline for Mr. Tully to refile his enforcement petition was April 4, 2003, calculated according to the Board's Dismissal Decision.

Mr. Tully refiled his petition for enforcement on June 1, 2004, more than a year after the deadline set in the Dismissal Decision had passed. Initial Decision, slip op. at 3. After determining that Mr. Tully failed to establish good cause for

Mr. Tully's untimely filing, the Board dismissed his petition. Id., slip op. at 9. Mr. Tully now petitions this court to review that dismissal.

## II.

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). On appeal, this court examines whether the Board appropriately dismissed Mr. Tully's petition as untimely. See Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984) ("The sole issue is the correctness of the MSPB decision holding the appeal to the board was untimely, which in no way involves the merits.").

In his petition to this court, Mr. Tully presents two theories in support of reversal: (1) Mr. Tully argues that because he is the alleged victim of violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and because USERRA sets no time limits for filing a complaint with the Board, his petition for enforcement should not be subject to a time limit; and (2) Mr. Tully argues that under the Board's own policy, it was required to refile his petition automatically, citing Milner v. Dep't of Justice, 87 M.S.P.R. 660 (2001) (explaining that the Board cannot set a time limit for refiling a USERRA complaint that has been dismissed without prejudice). Both of Mr. Tully's arguments fail for the same reason: his petition for enforcement is not a USERRA complaint.

Mr. Tully is correct that complaints brought under USERRA cannot be time-barred. See 38 § 4324(c)(1) ("The [Board] shall adjudicate [certain specified USERRA complaints] . . . without regard as to whether the complaint accrued before, on, or after October 13, 1994."). If his enforcement petition were such a complaint, then his arguments might have merit. While Mr. Tully has lodged various USERRA complaints with the Board in the course of his pursuit of a Correctional Officer position, his petition for enforcement is not such a complaint. The basis for his petition is the alleged failure of the Department of Justice to comply with the Board's August 2, 2002 order. Congress has chosen to allow a USERRA complaint to be brought without regard to the date of its accrual. It does not follow, however, that a complainant is excused from all time limits that he might face throughout the course of subsequent legal proceedings. The Board did not err when it determined that Mr. Tully failed to establish good cause for his more than one year delay.