NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3164

PAULETTE G. CHAPPLE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: August 9, 2006

_____

Before NEWMAN, MAYER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Paulette G. Chapple petitions for review of a final decision of the Merit Systems Protection Board, Docket No. DC-0432-00-0714-I-1. We <u>affirm</u>.

## BACKGROUND

Until her removal on July 3, 2000, Ms. Chapple was employed as a program analyst for the Department of the Treasury. She was removed from her position based on a charge of unacceptable performance, and in August 2000 she appealed to the Merit Systems Protection Board from the removal action. During a telephonic conference on October 5, 2000, between the parties and the Board's administrative judge, Ms. Chapple and her representative, Charles Wharton, stated that she wished to

withdraw her appeal with prejudice. The administrative judge granted that request and entered an order on October 12, 2000, dismissing the appeal with prejudice. Although the order stated that it would become final on November 16, 2000, unless a petition for review by the full Board was filed before that time, no petition was filed within that period, and the order of dismissal therefore became the final order of the Board.

Four and a half years later, on June 30, 2005, Ms. Chapple filed a petition for review with the full Board in which she sought to challenge her removal action and asserted that her previous representative had failed to represent her properly before the administrative judge during her appeal. The Board advised Ms. Chapple that her petition was untimely, and it ordered her to file a motion for waiver of the time limit, including an affidavit or sworn statement showing good cause for the delay. She requested and was granted a 15-day extension of time to file the motion for waiver of the time limit on the ground that her new representative was out of town. However, even with the benefit of the time extension, she failed to file a motion for waiver of the time limit. The Board then entered an order in which it treated her untimely petition for review of the order dismissing her appeal as an untimely appeal from the underlying removal action and, in the alternative, as a request to reopen her appeal. The Board then dismissed the appeal as untimely filed without a showing of good cause for the delay, and it denied the request to reopen the case on the ground that Ms. Chapple had failed to present any new and material evidence in support of the request. Ms. Chapple now petitions for review by this court.

DISCUSSION

In her petition for review by this court, Ms. Chapple asserts that the Board should have addressed the merits of her challenge to her removal. She also argues that in deciding whether good cause had been shown for the delay in filing her petition for review by the full Board, the Board should have taken into account certain materials that she submitted at the time she filed her petition.

The question of the merits of Ms. Chapple's removal is not before us. Because the Board dismissed the appeal on grounds of untimeliness and declined to reopen the case because of the failure to submit new and material evidence, we are limited to addressing the correctness of those determinations by the Board. See Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986); Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984).

Pursuant to statutory authorization, 5 U.S.C. § 7701(e), the Board accepts untimely petitions for review upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). The Board also accepts untimely appeals if a good reason for the delay is shown. 5 C.F.R. § 1201.22(c). When the Board declines to waive a filing deadline on the ground that an appellant has not shown good cause for the late filing, we review that determination for an abuse of discretion. See Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003); Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1993) (en banc); Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982).

To establish good cause for a filing delay, a petitioner must show that the delay was excusable under the circumstances and that he exercised due diligence in

attempting to meet the filing deadline.  Zamot, 332 F.3d at 1377; see also Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (listing factors that may be relevant to a determination of whether good cause has been shown for a delay).

In this case, we hold that the Board did not abuse its discretion in ruling that Ms. Chapple did not establish good cause for her untimely filing, whether it be regarded as an untimely petition for review or an untimely appeal.  As the Board noted, her filing was more than four years out-of-time.  Her only explanation for that lengthy delay was presented in the form of an unsworn submission to the Board at the time she filed her petition for review, in which she asserted that her representative at the time of her initial appeal, Howard Wallace, had misrepresented to her that he was an attorney.  Setting aside the fact that the administrative judge identified her representative at the time she withdrew her initial appeal as Charles Wharton, the same person that Ms. Chapple identified as her representative when she filed her petition for review in June 2005, Ms. Chapple did not provide any explanation for why she delayed seeking relief for more than four years.  In her submission to this court, Ms. Chapple states that attorney Kay Clarke was representing her in a civil action against Mr. Wallace at least as early as August 2004.  Yet Ms. Chapple did not pursue her Board appeal for nearly a year after that time, and she offered no explanation for that period of delay.  Under these circumstances, there is no basis for concluding that the Board abused its discretion in finding that Ms. Chapple had failed to show good cause for her untimely filing.

With respect to the question whether the Board should have reopened the case and reinstated the appeal, the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances.  See Soto v. Dep't of Justice, 95

M.S.P.R. 552, 554 (2004); <u>Ramos v. Office of Pers. Mgmt.</u>, 82 M.S.P.R. 65, 67 (1999). In this case, Ms. Chapple has not pointed to any unusual circumstances sufficient to require that the Board reopen the case and reinstate the appeal. Although Ms. Chapple contends that she was misled by Mr. Wallace, who allegedly recommended that she pursue a remedy before the equal employment opportunity office of her employing agency rather than before the Board, Ms. Chapple was a party to the proceedings before the administrative judge, and she personally agreed to the dismissal of her appeal with prejudice. Under these circumstances, we hold that the Board did not abuse its discretion in concluding that her assertions as to alleged misrepresentations made to her by Mr. Wallace were not sufficient to constitute new and material evidence justifying the reopening of her case and the reinstatement of her appeal. Accordingly, we uphold the decision of the Board in dismissing the appeal and denying the request to reopen.