NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3192

LIONEL DAVIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  August 11, 2006

_____

Before MAYER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Lionel Davis petitions for review of a final decision of the Merit Systems Protection Board, Docket No. CH-0752-04-0527-I-1, dismissing his petition for review of the Board's initial decision as untimely filed.  We affirm.

## BACKGROUND

Until his removal on April 23, 2004, Mr. Davis was employed as a letter carrier for the United States Postal Service in Detroit, Michigan.  On February 3, 2004, the Postal Service sent Mr. Davis a notice of proposed removal.  In the notice, the Postal Service

charged Mr. Davis with improperly delaying mail on January 16, 2004, and with extending his field time without authorization 30 times in December 2003 and January 2004, resulting in paid overtime. On the basis of those charges, the Postal Service ultimately removed Mr. Davis. Mr. Davis timely appealed to the Board.

The administrative judge who was assigned to Mr. Davis's case held a hearing and issued a decision on September 3, 2004, affirming Mr. Davis's removal. The administrative judge's opinion advised Mr. Davis that he had until October 8, 2004, to file a petition for review with the full Board. The opinion also instructed Mr. Davis that if he received the decision more than five days after its issuance date, he would be allowed up to 30 days from the date he actually received the decision to file a petition for review. See 5 C.F.R. § 1201.114(d).

Mr. Davis did not take any further action in his Board appeal until November 5, 2005, more than a year later, when he filed a petition for review with the full Board. In a letter attached to his petition, Mr. Davis asked the Board to set aside its filing deadline because he had "suffered severe depression" since his removal. On November 17, 2005, the Board sent Mr. Davis a letter stating that his petition was untimely filed and that Board regulations require that an untimely petition for review must be accompanied by a motion for waiver of the time limit and a sworn affidavit stating why there is good cause for the late filing. The letter from the Board included a form entitled "Motion to Accept Filing as Timely or to Waive Time Limit." Mr. Davis filled out the form and returned it to the Board on November 28, 2005. On the form, Mr. Davis reiterated his claim that he had suffered from severe depression as a result of the mental stress related to his removal.

The full Board considered Mr. Davis's explanation and concluded that Mr. Davis had not shown good cause for the delay. The Board therefore dismissed the petition. Mr. Davis now petitions this court for review.

DISCUSSION

Mr. Davis makes several arguments concerning the merits of his removal, the unresponsiveness of union officials during the union grievance process, and the administrative judge's disposition of his case. The final decision of the Board, however, was to dismiss Mr. Davis's petition for review as being untimely filed without a showing of good cause. We are limited to addressing the correctness of that determination. See Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986); Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459 (Fed. Cir. 1984).

Pursuant to statutory authorization, 5 U.S.C. § 7701(e), the Board accepts untimely petitions for review upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). When the Board declines to waive a filing deadline on the ground that an appellant has not shown good cause for the late filing, we review that determination for an abuse of discretion. See Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003); Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1993) (en banc); Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982).

To establish good cause for a filing delay, a petitioner must show that the delay was excusable under the circumstances and that he exercised due diligence in attempting to meet the filing deadline. Zamot, 332 F.3d at 1377; see also Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (listing factors that may be relevant to a determination of whether good cause has been shown for a delay).

In this case, we hold that the Board did not abuse its discretion in ruling that Mr. Davis did not establish good cause for the untimely filing of his petition for review. The Board noted that Mr. Davis's filing was more than a year out-of-time. Although Mr. Davis stated that he suffered from severe depression as a result of stress related to his removal, the Board noted that he submitted no medical documentation to support his claim. Mr. Davis stated that he had medical bills to support his claim of illness, but he failed to provide those bills for the Board's consideration. The Board further stated that Mr. Davis did not provide any explanation of how his depression "was so incapacitating as to prevent him from filing a petition for review, or requesting an extension of time, for more than one year." Conclusory assertions of incapacity of the sort offered by Mr. Davis do not constitute an adequate showing of good cause under the standard applied by the Board. See Lacy v. Dep't of the Army, 78 M.S.P.R. 434, 437 (1998) ("To establish that an untimely filing was the result of an illness, the party must: (1) Identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time."); see also Smith v. Merit Sys. Prot. Bd., 168 F.3d 1305, 1306 (Fed. Cir. 1999) (referring to the Lacy standards).

In his brief in this court, Mr. Davis reiterates his contention that his late filing was caused by his depression, but he does not point to any error in the Board's determination that he failed to provide an evidentiary basis for his claim. We hold that the Board did not abuse its discretion in finding Mr. Davis's explanation insufficient, and we therefore affirm the Board's decision denying his petition for review.