NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3119

VIVIAN KELLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: August 31, 2006

_____

Before MICHEL, Chief Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Vivian Kelley ("Kelley") appeals the Merit Systems Protection Board's ("Board") dismissal without prejudice of her claim for survivor annuity benefits under the Civil Service Retirement System ("CSRS"). Kelley v. Office of Pers. Mgmt., NY-0831-02-0099-M-1 (M.S.P.B. May 3, 2005) ("Initial Decision"). Because Kelley's appeal is now moot, we dismiss for lack of jurisdiction.

I

Kelley applied for survivor annuity benefits under CSRS in 2001. This case has been before us once before, resulting in a remand to the Board "to provide the appellant with proper notice and a meaningful opportunity to file evidence and argument in view of the Lacy criteria." Kelley v. M.S.P.B., 117 Fed. Appx. 103 (Fed. Cir. 2004) (citing Lacy

v. Dep't of Navy, 78 M.S.P.R. 434 (1998), which sets forth the criteria for a petitioner to show cause for delay when illness is the asserted reason for a filing delay). On remand, the Administrative Judge ("AJ") issued an Order to Show Cause instructing Kelley to file evidence and argument showing that good cause on the basis of illness existed for her failure to respond to his earlier orders. The contents of Kelley's responses "cause[d the AJ] to be concerned that she [Kelley] may not be competent, and, therefore, may be unable to adequately represent herself in her appeal." Initial Decision at 3. Although noting that the circumstances of this case might not require proceedings under French v. Office of Pers. Mgmt., 810 F.2d 1118 (Fed. Cir. 1987) (instructing the Board to establish procedures for obtaining representation for incompetent appellants in cases involving entitlement to retirement benefits, including that the Board and OPM take an active role in ensuring that the apparently incompetent appellant not be charged with the task of establishing his case alone), the AJ nonetheless determined that dismissal without prejudice was appropriate. Accordingly, the AJ dismissed Kelley's claim and recommended she seek a representative to aid her in the pursuit of her claim. The full Board denied Kelley's petition for review and forwarded the case to the regional office for adjudication as a refiled petition for appeal. Kelley now appeals.

II

Subsequent to Kelley's filing of an appeal with this court, the Board issued another decision in this matter. On March 1, 2006, an initial decision issued wherein the AJ found that Kelley had failed to show that good cause existed on the basis of illness for her failure to timely respond to his earlier orders. Kelley v. Office of Pers. Mgmt., NY-0831-02-0099-M-2 (M.S.P.B. Mar. 1, 2006). As a result, the AJ dismissed Kelley's

appeal for failure to prosecute.  Id. at 3.  According to the Board's docketing system, Kelley's case is identified as "Closed as of 03/01/06," and Kelley has not filed an appeal with this court.  Thus, because Kelley's claim underlying her appeal was reconsidered and dismissed for failure to prosecute (and not timely appealed), her appeal in this case from the earlier decision is moot.  Powell v. McCormack, 395 U.S. 486, 496 (1968) (stating "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").