**Sherman L. SMITH, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 98–3341.

United States Court of Appeals, Federal Circuit.

Jan. 15, 1999.

---

Sherman L. Smith, Memphis, TN, pro se.

Joyce G. Friedman, Attorney, Office of General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With her on the brief was Mary L. Jennings, General Counsel and Martha B. Schneider, Assistant General Counsel.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Sherman L. Smith seeks review of the decision of the Merit Systems Protection Board, Docket No. SL831E930401–I–1, dismissing his petition for review in his retirement appeal as untimely filed. Because Mr. Smith did not receive notice and opportunity to make a showing of good cause as required by the Board's precedent, we vacate and remand.

The issue is whether a decision of the Merit Systems Protection Board, captioned *Lacy v. Department of Navy*, 78 M.S.P.R. 434 (1998), was required to be applied to Mr. Smith's petition pending at the time of the decision in *Lacy*.[1] In *Lacy* the Board set new criteria for the content of the show cause notice and for compliance therewith when mental or physical illness is the asserted reason for tardy filing of an appeal. Mr. Smith asserts mental illness as the reason for his late filing.

In *Lacy* the Board held that corroborating evidence of illness need not be medical evidence "if the appellant explains why medical evidence is not available." 78 M.S.P.R. at 437 n. 1. The Board also held that when an appellant "states that a reason for a filing delay is physical or mental illness, he must receive explicit information regarding the legal standard for establishing good cause on that basis, and he must be afforded a fair opportunity to submit evidence and argument to show that he met that standard." 78 M.S.P.R. at 438. It is undisputed that this information was not provided to Mr. Smith. He was sent the standard form of order to show cause why his appeal should not be dismissed for untimeliness.

The Board defends its decision on several grounds.

### A

■ The Board does not dispute that *Lacy*, upon its announcement as a Board decision, applies to appeals pending at the time of the decision. However, the Board argues that Mr. Smith's appeal was not "pending" when *Lacy* was decided, because the time for appeal had already elapsed. Thus the Board argues that because the pending petition was tardy, Mr. Smith was not entitled to notice of the information required in order to excuse the tardiness.

This position is of course untenable. It is clear that Mr. Smith was entitled to the new notice procedure and application of the new substantive criteria set forth in *Lacy*, and that he did not receive that entitlement.

### B

The Board argues that there was substantial evidence that Mr. Smith could not have met the *Lacy* criteria even had he been given notice of them, and that the Board's decision must be sustained on our deferential standard of review. The Board argues at length the facts of Mr. Smith's petition, applying the precedent prior to *Lacy*, and pointing out the flaws in Mr. Smith's position under the *Lacy*

---

1. Mr. Smith's petition to appeal to the full Board or to reopen his case was filed on June 23, 1997. *Lacy* was decided on June 2, 1998. Mr. Smith's petition was denied, on grounds of untimeliness, on July 31, 1998.

criteria. The Board states that *Lacy* merely made explicit that which was implicit in precedent, and that any differences between *Lacy* and prior practice are minor.

■ Whether these differences are minor is far from clear upon review of precedent. *See Hamilton v. Merit Sys. Protection Bd.,* 75 F.3d 639, 646 (Fed.Cir.1996) (acknowledgement order failed to advise appellant of what was needed to establish the date on which she received the agency's final decision, denying appellant a full and fair opportunity to litigate issue of timeliness). When a requirement is changed by the Board, such change benefitting the petitioner, it can not thereafter be ignored by the Board on the basis that the petitioner would probably not have been able to comply. For *pro se* petitioners, notice of the Board's requirements can be dispositive of the outcome.

We also note that although Mr. Smith's delay was unusually long, he raised the new point that the agency had not provided him with his medical records, which showed diagnosis by agency doctors of mental illness during his employment, until after the decision of the administrative judge from which he seeks to appeal. Although the Board argues on this appeal against the significance as well as the timeliness of this new evidence, that aspect was not considered in accordance with the *Lacy* criteria.

We do not know whether, had Mr. Smith had been given the *Lacy* notice, the criteria for waiver of untimeliness would have been met. That issue is not before us, for it was not decided by the Board. Thus although we have considered the Board's action from the viewpoint of whether the error can and should be viewed as harmless, the issues raised are not so clear-cut as to warrant so summary a disposition.

### C

■ Mr. Smith was entitled to notice of the information he must provide and the standards he must meet when the asserted reason for untimeliness is mental or physical illness. He was never given such notice. Neither we, nor the Board as advocate on this appeal, may speculate as to whether Mr.

Smith could have met the *Lacy* criteria had he known of them.

We vacate the decision of the Board, and remand for appropriate further proceedings.

*VACATED AND REMANDED.*