Dorothy WELSH, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3055.**

United States Court of Appeals, Federal Circuit.

June 6, 2002.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

Dorothy Welsh seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing her appeal as untimely filed. Because Ms. Welsh has not shown that the Board abused its discretion in dismissing her appeal, we *affirm.*

DISCUSSION

On August 27, 1999, the Office of Personnel Management (OPM) issued its reconsideration decision affirming its initial determination that Ms. Welsh had received an overpayment of disability annuity benefits under the Civil Service Retirement System after she regained her earning capacity. Ms. Welsh appealed OPM's decision to the Board on August 17, 2000, almost a year later, and nearly eleven months after the regulatory filing deadline. *See* 5 C.F.R. § 1201.22(b) (2000) ("an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later"). By acknowledgment order dated August 18, 2000, the Board directed Ms. Welsh to provide evidence and argument showing that her appeal was timely filed or that good cause existed for the delay. Ms. Welsh responded, alleging that good cause existed for her delay in filing because she had experienced depression since 1992. Thereafter, the Administrative Judge (AJ) assigned to the case issued a show cause order informing Ms. Welsh of the showing required to establish that a medical condition caused her untimely filing and giving her the opportunity to file additional evidence. Ms. Welsh subsequently submitted additional evidence and argument.

In his initial decision, the AJ dismissed Ms. Welsh's appeal as untimely filed, having found that she failed to establish good cause for the delay. *Welsh v. Office of Pers. Mgmt.*, No. NY–831M–00–0353–I–1 (M.S.P.B. Oct.31, 2000) (initial decision). Ms. Welsh filed a petition for review accompanied by additional evidence. The Board denied the petition for review, finding that there was "no new, previously unavailable, evidence." *Welsh v. Office of Pers. Mgmt.*, 90 M.S.P.R. 31 (M.S.P.B. 2001) (final order).

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir. 1992) (en banc). We review the Board's decision under the deferential standard of

abuse of discretion. *Id.;* 5 U.S.C. § 7703(c) (2000). The Board has held that to establish good cause for delay on the grounds of mental or physical illness, a petitioner must identify the time period during which she suffered from the illness, submit medical evidence showing that she suffered from the illness during that time period, and explain how the illness prevented her from timely filing an appeal or requesting an extension of time. *Lacy v. Dep't of the Navy,* 78 M.S.P.R. 434, 437 (1998); *see also Smith v. Merit Sys. Prot. Bd.,* 168 F.3d 1305, 1306 (Fed.Cir.1999) (noting the Board's use of the *Lacy* criteria).

To establish good cause, Ms. Welsh submitted letters from three medical professionals. In a letter dated August 30, 2000, Dr. Altman stated that Ms. Welsh was seen for four therapy sessions at a VA hospital from June 1998 to December 1998 and then referred to the psychiatric department for medication. Dr. Jasser's handwritten letter of October 31, 2000 stated that Ms. Welsh's last visit to the VA hospital clinic was in April 1999 and that she had been treated for approximately one year. Dr. Cordon's letter dated October 3, 2000 stated that Ms. Welsh was being treated for several ailments, including depression, but the letter did not specify a time period during which Ms. Welsh suffered from those ailments.

We agree with the Board's finding that these letters fail to demonstrate that Ms. Welsh suffered from a medical condition during the entire period of delay, i.e., August 1999 to August 2000. Furthermore, even if Ms. Welsh had provided sufficient evidence of a medical condition during the entire period of delay, she has failed to explain how or why her condition prevented her from filing an appeal during that eleven-month period. None of her doctors proffered an explanation, and Ms. Welsh's

statement that she "was in a psychological and emotional state that caused [her] not to respond in a timely manner" does not satisfy her burden. Based on our review of the record, therefore, we cannot say that the Board abused its discretion in dismissing Ms. Welsh's appeal as untimely filed.

Ms. Welsh also challenges the Board's denial of her petition for review of the AJ's initial decision. She argues that the Board should have granted her petition because she submitted "new" evidence in the form of a second letter from Dr. Jasser and letters from a psychotherapist and from her daughter. The Board grants petitions for review, however, only when the evidence submitted is new and material *and* was not available before the record closed. *See* 5 C.F.R. § 1201.115(d)(1) (2000). The letters submitted by Ms. Welsh do not satisfy these criteria because, although they were all written after the date of the AJ's initial decision, the information in them was available at the time Ms. Welsh was ordered to show good cause for her delay. Therefore, the Board did not abuse its discretion in denying the petition for review.

Moreover, we note that even if the additional letters are considered, Ms. Welsh still has not shown good cause for her delay. The psychotherapist's letter of January 25, 2001 stated that Ms. Welsh was treated on January 19, 2000 and suffered from depression and post-traumatic stress, but it did not indicate that she suffered from mental illness during the entire period of delay. The second letter from Dr. Jasser, dated November 30, 2000, stated that it is "likely" that Ms. Welsh suffered depression "to varying degrees" during the relevant period. Even if we accept Dr. Jasser's letter as convincing medical evidence that Ms. Welsh suffered from depression during the period of de-

lay, Ms. Welsh has still failed to explain how her illness prevented her from filing an appeal. The letter from Ms. Welsh's daughter is of no assistance as it only discussed Ms. Welsh's depression in general terms and offered no explanation of how her depression impaired her ability to timely file an appeal.