**Marta M. SALAZAR, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3208.

United States Court of Appeals, Federal Circuit.

Nov. 12, 2003.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

Marta M. Salazar petitions for review of the decision of the Merit Systems Protection Board, Docket No. SE0752030088–I–1, dismissing her appeal as untimely filed. The decision of the Board is *affirmed.*

## BACKGROUND

Ms. Salazar was employed at the Department of Energy's Bonneville Power Administration from 1984 until her retirement in August 2001. At the time of her retirement she was a GS–6 Public Utilities Assistant.

In 1997, Ms. Salazar began to experience medical problems that led to difficulties with her job performance. She reported that she suffered from diabetes, which impaired her vision and concentration, and had shoulder and wrist pains. After several months of job coaching, a personal development plan, and attempts to accommodate her disabilities with light duty assignments, part time schedules, and special equipment such as a larger computer screen, Ms. Salazar was still performing her duties poorly and had exhausted her annual and sick leave. After considering various options for her future with the agency, including leave without pay while she pursued a claim for disability retirement, Ms. Salazar decided to accept an offer of early retirement with a $25,000 retirement incentive. From this payment the agency deducted the unearned sick leave it had previously advanced.

Shortly after her retirement, Ms. Salazar filed a discrimination complaint with

354

the agency's Office of Civil Rights and Diversity, alleging that her retirement had not been voluntary, but coerced by a hostile work environment in which she had been subjected to discrimination on the bases of her age, race, color, sex, and physical disability. The agency found that Ms. Salazar had not been constructively discharged or discriminated against with respect to the allegations in her complaint. She appealed to the Board.

The Administrative Judge (AJ) found that Ms. Salazar's appeal had not been filed within the requisite 30 days from her receipt of the final decision of the agency, as set by regulation, *see* 5 C.F.R. § 1201(b)(1), but was 22 days late. The AJ accordingly ordered Ms. Salazar to show good cause for the untimely filing. The AJ set forth the requirements for establishing that the late filing was the result of an illness: "[T]he party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time." The AJ cited *Lacy v. Department of the Navy,* 78 M.S.P.R. 434, 437 (1998) as authority for these requirements.

In response, Ms. Salazar sent the AJ an e-mail and a letter stating that her appeal was late "due to medical reasons," that she was having difficulty obtaining legal representation, and that she did not have a car with which to do her errands. She submitted a note on a physician's prescription form stating, in its entirety, "Please be advised that the above named patient has been under increased stress and mental instability due to uncontrolled health issues. As such, this patient has been unable to perform said judicial duties.

Please call our office with any questions or concerns regarding this matter."

The AJ rejected this evidence as not meeting the requirements set forth in *Lacy,* holding that the perfunctory physician's note, combined with Ms. Salazar's letter, failed to "explain how the illness prevented [her] from timely filing an appeal or request[ing] an extension of time." The AJ issued an Initial Decision dismissing the appeal as untimely filed. Ms. Salazar did not seek review by the full Board. This appeal followed.

## DISCUSSION

The regulations provide: "An appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). The time limit for an appeal to the Board may be waived if the petitioner demonstrates good cause for such waiver. We have held that this determination is committed to the discretion of the Board, and that it can be reversed only upon a showing of abuse of that discretion. *See Mendoza v. Merit Systems Protection Bd.,* 966 F.2d 650, 653 (Fed.Cir.1992) (*en banc*) ("Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board.")

When illness is alleged as the excuse for an untimely filing, the Board has established criteria for the evidence that the appellant must produce, as set forth in *Lacy, supra; see Smith v. Merit Systems Protection Bd.,* 168 F.3d 1305, 1306 (Fed. Cir.1999) (endorsing the *Lacy* criteria). *Lacy* also established that these criteria must be provided to an appellant who states that physical or mental illness is the reason for the delay, and that "he must be

afforded a fair opportunity to submit evidence and argument to show that he met that standard." 78 M.S.P.R. at 438.

The Board met the notice requirement of *Lacy* when it informed Ms. Salazar, in the show cause order, of the evidence she needed to submit to show that illness caused her late filing. We do not discern an abuse of discretion in the AJ's ruling that the *Lacy* criteria had not been met.