**Vivian KELLEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3267.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 3, 2004.

Before MAYER, Chief Judge, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Vivian Kelley appeals from the final decision of the Merit Systems Protection Board ("Board") denying her petition for review of the Board's initial decision, in which her appeal was dismissed for failure to prosecute. *Kelley v. Office of Pers. Mgmt.*, 95 M.S.P.R. 626 (MSPB 2004). Because Ms. Kelley did not receive proper notice and a fair opportunity to make a showing of good cause as required by the Board's precedent, we *vacate* and *remand.*

## BACKGROUND

Vivian Kelley applied for survivor annuity benefits under the Civil Service Retirement System. On December 5, 2001, the Office of Personnel Management issued a reconsideration decision denying Ms. Kelley's application. Ms. Kelley filed a timely appeal on January 2, 2002. Upon receipt of the appeal, the Board issued an acknowledgment order dated January 3, 2002 and a hearing order dated January 9, 2002. Ms. Kelley, however, never received these orders because the Board mailed them to the wrong address.

The Board's error became apparent on January 31, 2002 when the Post Office returned the January 9, 2002 hearing order with the stamped notation, "RE-TURNED TO SENDER / ATTEMPTED, UNKNOWN." In response, the Board mailed a new hearing order dated February 13, 2002 to the address that Ms. Kelley listed in the Board's Appeal Form as her "Present address." Because Ms. Kelley did not respond to the February 13, 2002 hearing order, on March 8, 2002, the Administrative Judge issued a show cause order, in which Ms. Kelley was ordered to show cause, by March 15, 2002, why her appeal should not be dismissed for failure to prosecute. One day prior to the March 15 show cause deadline, on March 14, 2002, the Post Office returned the February 13, 2002 hearing order, stamped, "RETURN TO SENDER / BOX CLOSED." On the same day, the Post Office returned the Board's January 3, 2002 acknowledgement order with the stamped notation "RE-TURNED TO SENDER / ATTEMPTED, UNKNOWN."

Three weeks later, the Board issued its initial decision dated April 9, 2002, in which the Administrative Judge found that Ms. Kelley failed to comply with the February 13, 2002 hearing order and Ms. Kelley did not respond to the March 8, 2002 show cause order. The Administrative Judge held, "the appellant made no effort to comply with the Board's orders, nor is there anything in the record to suggest that she is confused by the proceedings. She appears to have abandoned her appeal. Accordingly, dismissal for failure to prosecute is warranted." *Kelley v. Office of Pers. Mgmt.*, NY–0831–02–0099–I–1 (MSPB; Apr. 9, 2002 Initial Decision).

On April 11, 2002, the March 8, 2002 show cause order and on April 22, 2002, the April 9, 2002 initial decision were both returned to the Board by the Post Office with the stamped notation, "BOX CLOSED." By April 22, 2002, all letters that the Board mailed to Ms. Kelley had been returned by the Post Office.

Over a year later, on June 13, 2003, Ms. Kelley notified the Board in a letter addressed to the Administrative Judge. Ms. Kelley wrote,

> SORRY FOR THE DELAY, DO [sic] TO MY ILLNESS AND FINANCIAL STATUS I HAVE LOOSED [sic] MY PREVIOUS MAILING ADDRESS. HERE IS MY NEW MAILING ADDRESS.... ALSO I HAVE NOT RECEIVED YOUR DECISION, STATUS, OR UPDATE. COULD YOU PLEASE MAIL ME THIS INFORMATION TO MY NEW MAILING ADDRESS PLEASE.

In response, the Board issued a notice on June 16, 2003, stating that a copy of the initial decision would be sent to Ms. Kelley's new address. The notice provided that Ms. Kelley could follow the instructions in the Board's initial decision to appeal.

On August 27, 2003, Ms. Kelley filed a petition for review of the Board's initial decision. The Board issued an acknowledgement letter on August 29, 2003 and about six months later, on March 10, 2004, the Board issued its final order denying Ms. Kelley's petition. According to the Board, "[w]e have not decided [the issue of timeliness] because we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." *Kelley v. Office of Pers. Mgmt.*, 95 M.S.P.R. 626 (2004 Final Order); *see* 5 C.F.R. § 1201.115. Ms. Kelley now appeals the Board's final decision and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board unless we determine that its decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986).

In 1998, the Board established criteria for a petitioner to show cause for delay when illness is the asserted reason for filing delay. *Smith v. Merit Sys. Prot. Bd.*, 168 F.3d 1305, 1306 (Fed.Cir.1999). When an appellant "states that a reason for a filing delay is physical or mental illness, [s]he must receive explicit information regarding the legal standard for establishing good cause on that basis, and [s]he must be afforded a fair opportunity to submit evidence and argument to show that [s]he met that standard." *Id.* (quoting *Lacy v. Dep't of the Navy*, 78 M.S.P.R. 434, 438 (1998)). The *Lacy* criteria provides that the petitioner be afforded an opportunity to (1) identify the time period during which she suffered from the illness, (2) submit corroborating evidence showing that she suffered from the illness during that time period, and (3) explain how the illness prevented her from timely filing an appeal or requesting an extension of time. 78 M.S.P.R. at 437 (holding that the corroborating evidence need not be medical evidence "if the appellant explains why medical evidence is not available"); *see Smith*, 168 F.3d at 1306 (endorsing the *Lacy* criteria). Ms. Kelley was afforded no such opportunity.

The *Lacy* criteria may not be applied at the discretion of the Board when illness is asserted as the cause for delay. *Smith*, 168 F.3d at 1307. "When a requirement is changed by the Board, such change benefiting the petitioner, it can not thereafter be ignored by the Board on the basis that the petitioner would probably not have been able to comply." *Id.* For pro se petitioners, in particular, notice of the Board's requirements can be dispositive of

the outcome. *Id.* Since illness was asserted as a cause for delay, Ms. Kelley must be given the opportunity to present evidence and argument after the Board informs her of the legal standard to show good cause for illness.

Here, Ms. Kelley submitted a letter to the agency on June 13, 2003, apologizing for her delay in filing responses to the Board. Ms. Kelley stated in the letter that she failed to respond due to her illness. Instead of providing Ms. Kelley with the legal standards for showing good cause due to illness, the Board sent Ms. Kelley a notice with the April 9, 2002 initial decision attached. The notice stated, "If the appellant wants to request review of the initial decision she should follow the instructions beginning on page three of the initial decision." Neither the notice, nor the initial decision addressed the *Lacy* criteria for Ms. Kelley to show good cause for illness.

We do not know whether, if Ms. Kelley had been given *Lacy* notice, the criteria for waiver would have been met. Nevertheless, the Board must not assume that Ms. Kelley would have provided "no new, previously unavailable, evidence" after receiving explicit information regarding the legal standard for establishing good cause under *Lacy*. Because the Board never specifically informed Ms. Kelley of the *Lacy* criteria, the Board has failed to act in accordance with law by denying Ms. Kelley a fair opportunity to submit evidence to show her illness caused the delay.

## CONCLUSION

For the reasons set forth above, we find that the Board's final decision must be vacated and remanded to provide the appellant with proper notice and a meaningful opportunity to file evidence and argument in view of the *Lacy* criteria.

VACATED and REMANDED.

## COSTS

Costs to petitioner.