NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3334

TYRONE HINES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 26, 2006

_____

Before NEWMAN, GAJARSA, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Tyrone Hines petitions for review of the decision of the Merit Systems Protection
Board, Docket No. CH844E050561-I-1, dismissing his appeal as untimely filed.  Because
Mr. Hines did not show that his late filing is excusable, we affirm the decision of the Board.

BACKGROUND

Mr. Hines resigned from his position as computer specialist with the Department of Veterans Affairs, effective June 4, 1999. He subsequently applied for disability retirement, citing legal blindness and sickle cell disease. The Office of Personnel Management determined that Mr. Hines had not established that he met the criteria for disability retirement, and denied the request in an initial decision dated March 27, 2000. The Office sustained the initial decision in a reconsideration decision dated May 25, 2000.

On April 8, 2005, Mr. Hines appealed OPM's reconsideration decision to the Board. The Administrative Judge noted that the appeal appeared to be untimely as it had been filed almost five years after the OPM decision, which was well beyond the thirty day time limit for appeals to the Board, see 5 C.F.R. §1201.22(b). In an Acknowledgment Order of April 21, 2005, the AJ instructed Mr. Hines to show that his appeal was timely filed or that good cause existed for the delay. Mr. Hines responded by submitting a statement from a person the AJ assumed was his treating physician, stating:

> In May of 2000, Tyrone Hines could not work or attend to business related matters. He has sickle cell anemia which causes a bone condition causing severe pain in his upper body and pelvic areas. He was also released, around that time, from the hospital where he had an operation of a Perforated Ulcer which caused some mental inabilities.

The AJ concluded that this statement supported Mr. Hines' contention that he was incapacitated in May, 2000, but did not address Mr. Hines' ability to file his appeal during the remainder of the five-year period of delay. The AJ then dismissed the appeal for untimely filing, the full Board declined review, and this appeal followed.

DISCUSSION

The Board's regulations provide that "[a]n appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. §1201.22(b). The time limit for an appeal to the Board of an agency action may be waived if the petitioner demonstrates good cause for such waiver. This determination is committed to the discretion of the Board, and is reversed only upon abuse of that discretion. See Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (*en banc*) ("Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."*)*

When illness is alleged as the excuse for an untimely filing, the Board has established criteria for the evidence that the appellant must produce. The Board has held that to establish good cause for delay on grounds of mental or physical illness, a petitioner must identify the time period during which he suffered from the illness, submit medical evidence showing that he suffered from the illness during that time period, and explain how the illness prevented him from timely filing an appeal or requesting an extension of time. Lacy v. Department of the Navy, 78 M.S.P.R. 434, 437 (1998); see Smith v. Merit Systems Protection Bd., 168 F.3d 1305, 1306 (Fed. Cir. 1999) (noting the Board's Lacy criteria).

Lacy established that these criteria must be provided to an appellant who states that illness was the reason for the untimely filing. Lacy, 78 M.S.P.R. at 438 ("When, as here, an appellant states that the reason for a filing delay is physical or mental illness, he must receive explicit information regarding the legal standard for establishing good cause on that

basis, and he must be afforded a fair opportunity to submit evidence and argument to show that he met that standard.")

In compliance with Lacy, the AJ informed Mr. Hines, in the Acknowledgment Order, of the evidence he needed to submit to establish that illness caused his late filing. The AJ did not abuse judicial discretion in ruling that the physician's note, combined with Mr. Hines' letter, failed to explain how the illness prevented him from timely filing an appeal or requesting an extension of time to appeal, or explain the five years of delay. The decision of the Board must be affirmed.