NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3329

RAQUEL Y. GORDON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Raquel Y. Gordon, of Bryans Road, Maryland, pro se.

Sara B. Rearden, Attorney, Office of General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Raymond W. Angelo, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3329

RAQUEL Y. GORDON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD

Respondent.

_____

DECIDED: March 12, 2007

_____

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Raquel Gordon ("Ms. Gordon") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing her petition for appeal as untimely filed without a showing of good cause for her delay. Gordon v. Dep't of Commerce, Docket No. DC-0752-05-0759-I-1 (May 19, 2006). We affirm.

BACKGROUND

On April 22, 2005, the Department of Commerce, Patent and Trademark Office ("Agency") informed Ms. Gordon that it proposed to remove her from her position as a Patent Examiner (GS-14). On July 13, 2005, the Agency issued a decision letter sustaining the charge against Ms. Gordon and removing her from her position.

The Agency sent the decision letter to Ms. Gordon at her current address via Federal Express ("FedEx"). A FedEx Airbill indicates the letter was delivered there on July 14, 2005. The Agency also sent the decision letter to Matthew F. Fogg ("Mr. Fogg"), an Equal Employment Opportunity ("EEO") Consultant, whom the Agency believed was Ms. Gordon's representative.

Ms. Gordon denies that either she or Mr. Fogg received the decision letter. She claims that the first time she received notice of the final decision was on August 20, 2005, when Mr. Fogg called to inform her that he had received a voicemail from the Agency. It is undisputed that Ms. Gordon received a copy of the decision letter via certified mail on September 17, 2005.

On August 24, 2005, Ms. Gordon filed an appeal of the Agency's decision with the Board, which was rejected as being premature because Ms. Gordon claimed that the agency had not yet issued a final decision. Ms. Gordon refiled her appeal on August 30, 2005, indicating that although she had still not received the final decision, she had received a voicemail from the Agency through Mr. Fogg informing her that she had been removed.

On December 15, 2005, Administrative Judge Daniel Turbitt ("AJ") issued an initial decision dismissing Ms. Gordon's appeal as being untimely filed more than thirty days after the final decision was issued. On May 19, 2006, the Board denied Ms. Gordon's petition for review, making the AJ's decision final.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

B. Timeliness of Filing of Appeal

An appeal from a final agency decision "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). Any appeal filed after this time "will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). Ms. Gordon had "the burden of proof, by a preponderance of the evidence, with respect to . . . [t]he timeliness of the appeal." 5 C.F.R. § 1201.56(a)(2)(ii).

Ms. Gordon contends that she did not receive notice of the agency's decision until at least August 20, 2005 and that the thirty-day time period for filing her appeal should not have started until then. With respect to receipt of the notice, Ms. Gordon argues that the decision letter was improperly sent by the Agency to Mr. Fogg because he was not her designated representative.

However, the AJ's finding that Ms. Gordon received the decision letter on June 14, 2005 is supported by substantial evidence. Ms. Gordon argues that FedEx has a poor reputation for delivering packages, that even if the package had been delivered it was improperly left in an area that she did not regularly check, and that the package

may have been stolen from her doorstep. However, the AJ found that the evidence offered by Ms. Gordon was insufficient to overcome the Agency's testimony that it had properly addressed and mailed the decision to Ms. Gordon and the FedEx Airbill showing that the decision had been delivered to her home. See Smith v. U.S. Postal Serv., 789 F.2d 1540, 1542 n.2 (Fed. Cir. 1986) (presuming that a properly mailed letter is received by the addressee); see also United States v. Wilson, 322 F.3d 353, 362 (5th Cir. 2003) (applying the presumption of delivery to a letter sent through FedEx). This conclusion is supported by substantial evidence.

There is also substantial evidence to support the AJ's conclusion that Mr. Fogg was Ms. Gordon's representative. Although Ms. Gordon points to evidence that she had initially chosen other people to represent her, the AJ found that by having Mr. Fogg appear on her behalf on several occasions and send letters to the Agency on her behalf, Mr. Fogg had become her representative. This, along with statements made by Ms. Gordon describing Mr. Fogg as her representative, provides substantial evidence to sustain the AJ's finding.

## C. Good Cause for Delay in Filing of Appeal

Ms. Gordon contends that, even if she is deemed to have received the decision letter, she had good cause for not timely filing her appeal because she was seriously ill. She argues that she was under a doctor's care for anxiety, depression, post-traumatic stress, and other symptoms and was unable to work at the Agency during the relevant time period. Therefore, she argues, she should be found to have been too incapacitated to file an appeal within the required time limits.

In order to establish good cause for an untimely filing of an appeal, Ms. Gordon must "(1) [i]dentify the time period during which [s]he suffered from the illness; (2) submit medical evidence that [s]he suffered from the alleged illness during that time period; and (3) explain how the illness prevented h[er] from timely filing h[er] appeal or a request for an extension of time." Lacy v. Dep't of the Navy, 78 M.S.P.R. 434, 437 (1998); see also Smith v. Merit Sys. Protection Bd., 168 F.3d 1305, 1306 (Fed. Cir 1999) (requiring the application of the Lacy criteria).

However, in applying the Lacy criteria, the AJ found that Ms. Gordon had not established good cause due to illness for her untimely filing. In coming to this conclusion, the AJ found that Ms. Gordon had not presented evidence that she was incapacitated for the entire appeal period. He also found that the evidence did not show that Ms. Gordon was unable to file an appeal because of her illness; it only showed that she was unable to return to work at the Agency, which she perceived as a hostile work environment. Also in support of his finding, the AJ pointed to the fact that during the time period Ms. Gordon regularly communicated with Mr. Fogg and conducted business with the Agency regarding her leave without pay and pay stub issues. Based on this evidence, we find that the AJ's conclusions and the decision of the board are supported by substantial evidence.

## CONCLUSION

We conclude that the Board's decision that Ms. Gordon's appeal was untimely filed without a showing of good cause for her delay is supported by substantial evidence. The decision of the Board is therefore affirmed.

No costs.